UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN JONES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-cv-7963 |
| DR. S. OBAISI, *et al.*, | ) Judge John W. Darrah |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed an Amended Complaint, alleging deliberate indifference to his medical needs pursuant to 42 U.S.C. § 1983. Plaintiff filed a *pro se* Motion for Medical Injunction [12] and a Motion for a Preliminary Injunction [41] through counsel. For the reasons discussed below, Plaintiff's Motions [12, 41] are granted in part and denied in part.

## BACKGROUND

Plaintiff is an inmate at Stateville Correctional Center. Plaintiff's Amended Complaint generally alleges that Defendants have been deliberately indifferent to his medical needs. Specifically, Plaintiff alleges that he has repeatedly complained about pain in his legs and throat and that Defendants have not treated him correctly, have not sent him to a specialist, or given him pain medication. Plaintiff also alleges that he has not received proper follow-up care for a surgery to remove a chronic abscess on December 31, 2015.

## LEGAL STANDARD

"To obtain a preliminary injunction, the moving party must make an initial showing that (1) it will suffer irreparable harm in the period before final resolution of its claims; (2) traditional legal remedies are inadequate; and (3) the claim has some likelihood of success on the merits." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 323-24 (7th Cir. 2015) (citing *Girl Scouts of Manitou*

*Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008)). "If the moving party makes this showing, the court weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to other parties or the public is sufficiently weighty that the injunction should be denied." *BBL, Inc.*, 809 F.3d at 324 (citing *ACLU of Ill. v. Alvarez*, 679 F.3d 583, 589 (7th Cir. 2012)). The Prison Litigation Reform Act ("PLRA") states that "injunctive relief to remedy unconstitutional prison conditions must be 'narrowly drawn,' extend 'no further than necessary' to remedy the constitutional violation, and use the 'least intrusive means' to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (quoting 18 U.S.C. § 3626(a)(1)(A)).

A mandatory injunction is "an injunction requiring an affirmative act by the defendant[s]." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). "Because a mandatory injunction requires the court to command the defendant to take a particular action, 'mandatory preliminary writs are ordinarily cautiously viewed and sparingly issued.'" *Id.* (quoting *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)).

## ANALYSIS

In his *pro se* request for an injunction, Plaintiff alleges medical issues with his legs and throat and states that Defendants have denied treatment and pain medication. Plaintiff requests that Defendants send him to a specialist. In the motion through his attorney, Plaintiff again alleges medical issues with his legs and throat, as well as issues with rectal bleeding, and again states that Defendants have denied treatment and pain medication. Plaintiff requests immediate follow-up care for his surgical wounds, an appointment with an outside physician for his other conditions, and medication for his pain and swelling.

2

"The Eighth Amendment's prohibition against cruel and unusual punishment, which embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency,' prohibits punishments that are incompatible with 'the evolving standards of decency that mark the progress of a maturing society.'" *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). To violate the Eighth Amendment, a prison medical official must be deliberately indifferent to a prisoner's health, that is, know there is a substantial risk and disregard that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "The federal courts will not interfere with a doctor's decision to pursue a particular course of treatment unless that decision represents so significant a departure from accepted professional standards or practices that it calls into question whether the doctor actually was exercising his professional judgment." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir.2011); *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008)). Simple disagreement with a doctor's medical judgment is not enough to prove deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). "A medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances." *Pyles*, 771 F.3d at 409 (internal citations and quotations omitted).

Plaintiff requests an appointment with an outside physician for his alleged leg and throat conditions and medication for his pain and swelling. Defendants argue that Plaintiff has been receiving proper treatment and that there is no likelihood of success on the merits. Plaintiff contends that Defendants have not diagnosed his conditions; however, the medical records and affidavit provided by Defendants contradict this. Plaintiff has been diagnosed with

3

complications due to obesity, diabetes, hypertension, allergies, and asthma. Plaintiff has been prescribed blood pressure medication, insulin, various antibiotics, anti-acids, steroidal anti-inflammatories, and medications for his asthma and allergies, among other things. Plaintiff was also seen repeatedly after his surgery for wound inspection, but the medical records indicate that he didn't want to be seen anymore. Plaintiff also argues that Defendants have persisted "in a course of treatment known to be ineffective," which has been "recognized as a violation of the Eighth Amendment." *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (citing *Kelley v. McGinnis*, 899 F.2d 612, 616-17 (7th Cir. 1990)). But the medical records and Obaisi's affidavit show that they have tried a variety of treatments for Plaintiff's complaints. Defendants have not been deliberately indifferent to his alleged leg and throat conditions. Plaintiff's request for a preliminary injunction is denied as to his request for an appointment with an outside physician for his alleged leg and throat conditions.

Defendants do not address Plaintiff's request for a different type of pain medication, aside from stating that it has no merit. However, the medical records and Obaisi's affidavit only go up to the treatment provided through February 7, 2016. Plaintiff has attached grievances filed after that date, stating that he has requested, and been refused, effective medication for his extreme pain. (Dkt. 41, Exhs. A, B.) Without those records or any argument by Defendants, it is impossible to determine whether a minimally competent professional would have responded to Plaintiff's requests in the same manner. *See Sain*, 512 F.3d at 894-95 ("A medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances."). As to this issue, Plaintiff has made the initial showing that he will suffer irreparable harm, that legal remedies are inadequate, and that his

4

claim has some likelihood of success on the merits. Further, the balance of harms weighs in Plaintiff's favor, as there is very little harm in Defendants' providing effective pain medication to Plaintiff. Plaintiff's request for a preliminary injunction is granted as to his request for effective pain medication.

To the extent that Plaintiff requests to see a specialist for a follow-up to his December 31, 2015 surgery to remove an abscess, that claim is mooted by an appointment that was scheduled for August 1, 2016. Plaintiff's request for a preliminary injunction is denied as to his request to see a specialist to follow-up on his December 31, 2015 surgery.

## CONCLUSION

Plaintiff's *pro se* Motion for Medical Injunction [12] and Motion for a Preliminary Injunction [41] is denied as to his request for an appointment with an outside physician for his alleged leg and throat conditions and as to his request to see a specialist for a follow-up to his December 31, 2015 surgery. Plaintiff's *pro se* Motion for Medical Injunction [12] and Motion for a Preliminary Injunction [41] are granted as to his request for effective pain medication.

Date: \_\_\_\_August 22, 2016_____  _____
JOHN W. DARRAH
United States District Court Judge